UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES CASSIDY | CIVIL ACTION |
| VERSUS | NO: 13-4906 |
| AMERICAN DRIVELINE CENTERS, INC. | SECTION: "A" (3) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss and Motion for More Definite Statement (Rec. Doc. 10)** filed by defendant American Driveline Centers, Inc. Plaintiff James Cassidy opposes the motion. The motion, scheduled for submission on October 23, 2013, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED IN PART AND DENIED IN PART.

### I. Background

Plaintiff James Cassidy was employed as a transmission rebuilder by defendant American Driveline Centers, Inc. ("ADC"). ADC operated an auto service and maintenance shop in Mandeville, Louisiana. (Comp. ¶ 22). ADC terminated Cassidy's employment on January 16, 2012. (*Id.* ¶ 8). Cassidy alleges that he was 69 years old at the time of termination and that he suffered from a disability while employed at ADC. (*Id.* ¶¶ 5 & 6). Cassidy claims that he was subjected to disparate treatment in light of his age and that ADC denied his requests for reasonable accommodations for his disability. (*Id.* ¶¶ 5 & 7).

Cassidy has brought this suit pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, Louisiana's Employment Discrimination Law, La. R.S. § 23:301, *et seq.*, and Louisiana's anti-reprisal law, La. R.S. § 23:967. (Comp. ¶ 3).

1

ADC now moves pursuant to Federal Rules 12(b)(6) and 12(e) to dismiss the federal age discrimination claims and the state law reprisal statutory claim arguing that Cassidy has failed to allege facts to support such claims.[1] ADC moves the Court to order a more definite statement regarding the state law discrimination claims arguing that those claims are pleaded so vaguely and ambiguously as to prevent ADC from answering them.

## II. Discussion

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal

---

[1] Cassidy concedes that the state law reprisal statutory claim is prescribed and therefore does not oppose the motion insofar as ADC seeks dismissal of that claim. (Rec. Doc. 14, Plaintiff's Opposition at 2 n.1).

conclusions." *Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Legal conclusions must be supported by factual allegations. *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

### Age Discrimination Claims

ADC contends that the controlling law requires that age be the "but-for" cause of the challenged employment action as opposed to a mere motivating factor. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). According to ADC, because Cassidy alleges age discrimination *in addition to* disability discrimination, Cassidy's own allegations actually negate the claim for age discrimination.

In *Gross*, the Supreme Court held that the text of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, precludes courts from applying the burden-shifting that takes place in a Title VII mixed-motives case. 557 U.S. at 180. Thus, a plaintiff in an ADEA case must prove that age was the "but-for" cause of the challenged adverse employment action. *Id.* In contrast to a Title VII case, an ADEA plaintiff cannot establish discrimination by showing that age was simply a motivating factor. *Id.* at 174.

ADC characterizes Cassidy's complaint as alleging that age was a mere motivating factor (in violation of *Gross*) and ADC makes this characterization because Cassidy claims age and disability discrimination in the same complaint. The Court does not concur in ADC's assessment of the complaint. In other words, the Court does not interpret Cassidy's decision to plead two types of discrimination as implicitly relegating age discrimination to a mere motivating factor. Moreover, nothing in the *Gross* decision forecloses the possibility that an ADEA plaintiff can plead two types of discrimination. In fact, specific language in the opinion suggests that mixed-motives ADEA cases are still viable so long as the plaintiff can ultimately prove "but for" causation with respect to age. 557 U.S. at178 ("Hence, the burden of persuasion necessary to establish employer liability is the same in alleged mixed-motives

cases as in any other ADEA disparate-treatment action."); *id.* at 180 ("The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence ***that age was one motivating factor*** in that decision.") (emphasis added). And *Equal Employment Opportunity Commission v. DynMcDermott*, which the Fifth Circuit released after *Gross*, demonstrates that the presence of two types of alleged discrimination does not mean that age cannot be the "but for" cause of the adverse employment decision. No. 12-40424, 2013 WL 3855553 (5th Cir. July 26, 2013) (unpublished) (alleging age and disability discrimination). ADC's motion to dismiss the ADEA claim is DENIED.

### *Louisiana Employment Law Claims*

ADC moves the Court to order Cassidy to provide a more definite statement of his state law discrimination claims because Cassidy did not name the specific statutory sections applicable to his case and state law recognizes a plethora of types of discrimination. The complaint was quite clear in that the discrimination being alleged is based on age and disability. Cassidy has confirmed this in his opposition memorandum. (Rec. Doc. 14, Plaintiff's Opposition at 2). ADC's motion for a more definite statement is therefore DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss and Motion for More Definite Statement (Rec. Doc. 10)** filed by defendant American Driveline Centers, Inc. is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to the reprisal claim under La. R.S. § 23:967 and is **DENIED** in all other respects.

October 23, 2013

                                                                    _____
                                                                              JAY C. ZAINEY
                                                                    UNITED STATES DISTRICT JUDGE